IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL J. WOLANSKI,           )
                               )
            Plaintiff,         )
                               )  No.:_____
v.                             )
                               )
UNITED STATES OF AMERICA,      )
                               )
            Defendant.         )

## COMPLAINT

1. This action arises under the Federal Tort Claim Act, 28 U.S.C. § § 1346(b), 2671-80.

2. Jurisdiction is founded on 28 U.S.C. § 1346(b).

3. Plaintiff Michael J. Wolanski is a citizen of the State of Delaware, residing at 6 Photonia Drive, Newark, Delaware 19702.

4. At the times relevant hereto, the United States Department of Veterans Affairs Medical Services Division, a department of defendant, operated and staffed the Veterans Administration Medical Center in Wilmington, Delaware (hereinafter "the VAMC").

5. Plaintiff is a veteran of the Vietnam War. At all times relevant hereto, he received medical care and treatment at the VAMC from agents, servants and employees of defendant.

6. At all times relevant hereto, agents, servants and employees of defendant assigned to the VAMC were acting within the course and scope of their employment.

7. On or about May 28, 1997, plaintiff underwent a sigmoidoscopy at the VAMC. Although the sigmoidoscopy revealed the presence of polyps, the polyps were not biopsied. The medical plan at that time was for plaintiff to undergo a colonoscopy in May, 2002.

8. On or about April 18, 2000, plaintiff was examined by Dr. George Tzanis, a primary care physician at the VAMC. A rectal examination performed at that time was positive for blood. Neither a sigmoidoscopy nor a colonoscopy was ordered to determine the cause of the rectal bleeding.

9. On or about July 19, 2000, plaintiff seen in follow-up at the VAMC by Dr. Tzanis. A rectal exam performed at that time was again positive for blood. Although Dr. Tzanis' note of the office visit makes reference to a sigmoidoscopy, the test was never performed.

10. On or about October 17, 2000, plaintiff was evaluated at the VAMC for complaints of blood in his stools. Although a colonoscopy was recommended, the test was never scheduled.

11. On or about April 6, 2001, plaintiff was evaluated by Kuntal Thacker, M.D., a medical resident at the VAMC, in consultation Dr. George Tzanis for complaints of rectal bleeding. A rectal exam performed at that visit was positive for blood. The plan at that time was to consult with surgery for a possible lower endoscopy given plaintiff's history of lower gastrointestinal bleeding.

12. On or about June 28, 2001, plaintiff underwent a colonoscopy in the GI Procedure Lab at the VAMC. The colonoscopy revealed the presence of a large mass, 10 cm to 20 cm from the anus. The findings were highly suggestive of a rectal carcinoma, a diagnosis later confirmed by biopsy.

13. On July 20, 2001, plaintiff underwent surgery to remove his rectal tumor at Christiana Hospital in Newark, Delaware.

14. Following his recovery from the surgery, plaintiff was required to undergo a course of chemotherapy and radiation treatment.

15. Although plaintiff has been cancer free since his cancer treatment concluded in February, 2002, he has been plagued with frequent bouts of bowel incontinence and loose stools, requiring over-the-counter medications.

16. As a result of his rectal cancer, plaintiff is required to undergo regular cancer screenings, including colonoscopies. The evaluation and testing causes plaintiff to suffer great anxiety and stress.

17. Defendant, by and through its agents, servants and employees, was negligent in its care and treatment of plaintiff and deviated from acceptable standards of medical practice in that it:

(a) Failed to biopsy the polyps discovered during the sigmoidoscopy performed on plaintiff on May 28, 1997;

(b) Failed to order timely and appropriate diagnostic testing following the discovery of polyps during the May 28, 1997 sigmoidoscopy;

(c) Failed to closely monitor plaintiff following the discovery of polyps during the May 28, 1997 sigmoidoscopy;

(d) Failed to order and perform timely and appropriate diagnostic testing and closely monitor plaintiff following the discovery of blood on rectal exam on April 18, 2000 and again on July 19, 2000;

(e) Failed to order and perform timely and appropriate diagnostic testing and carefully monitor plaintiff in response to his complaint of bloody stools during his October 11, 2000 office visit; and

(f) Failed to arrange for and perform a timely colonoscopy following the discovery of blood on rectal exam on April 6, 2001 and plaintiff's complaints of a history of bloody stools during that office visit.

18. As a direct and proximate result of defendant's negligence, plaintiff developed rectal cancer which metastasized to the bowel wall and into the pericolonic fat.

19. As a further direct and proximate result of defendant's negligence, plaintiff was required to undergo a major surgical procedure, and endure chemotherapy and radiation treatments, and the debilitating side effects therefrom.

20. As a further direct and proximate result of defendant's negligence, plaintiff has endured, and continues to endure, pain and suffering, both mental and physical in nature, emotional distress and anxiety.

21. As a further direct and proximate result of defendant's negligence, plaintiff has incurred, and continues to incur, medical expenses.

22. As a further direct and proximate result of defendant's negligence, plaintiff has incurred, and will continue to incur in the future, a loss of earnings and/or earning capacity.

23. Pursuant to 28 U.S.C. § 2675(6), the claim set forth herein was presented to the Department of Veterans Affairs. The Department of Veterans Affairs acknowledged liability for plaintiff's claim and, thereafter, the parties engaged in settlement negotiations. The settlement negotiations terminated with plaintiff's rejection of the Department's settlement offer on December 10, 2007. A written denial of plaintiff's claim was issued by the Department of Veterans Affairs on January 2, 2008.

WHEREFORE, plaintiff demands judgment against defendant for his special and general damages, including pain and suffering, in such amount as justice and the nature of the case requires, together with interest and costs.

YOUNG CONAWAY STARGATT & TAYLOR, L.L.P

/s/ Neilli Mullen Walsh
Richard A. DiLiberto, Jr., (#2429)
Neilli Mullen Walsh (#2707)
1000 West Street, 17th Floor
The Brandywine Building
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6657
Attorneys for Plaintiff

Dated: 1/25/08

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Michael J. Wolanski

(b) County of Residence of First Listed Plaintiff  New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Richard A. DiLiberto, Jr., Esq.
Neilli Mullen Walsh, Esq.  (302)571-6603
Young Conaway Stargatt & Taylor, LLP
P.O. Box 391, Wilm., DE 19899

## DEFENDANTS

The United States of America

County of Residence of First Listed Defendant  n/a
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Colm Connolly
U.S. Attorney
1007 N. Orange St., Suite 700
P.O. Box 2046, Wilm., DE 19899-2046

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)  n/a

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. ss 2671-2680 (Federal Tort Claims Act)

Brief description of cause:
Medical malpractice at VA Medical Center, Wilmington, DE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE  n/a  DOCKET NUMBER
None

DATE  1/25/08

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 8 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___1/25/09___
(Date forms issued)

___Mike Bobish___ (signature)
(Signature of Party or their Representative)

___Mike Bobish___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

[Filed stamp: CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE 2008 JAN 25 PM 4:42]